Nina Evelyn Shipman PAULK,
Plaintiff-Appellant,

v.

Kenneth Wayne PAULK,
Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section.

April 26, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 8, 1983.

J.L. Thompson, III, Nashville, for plaintiff-appellant.

Lucien Dale, Nashville, for defendant-appellee.

OPINION

LEWIS, Judge.

This is an appeal by plaintiff from the judgment of the Fourth Circuit Court of Davidson County, Tennessee, dismissing plaintiff's "Petition to Increase Child Support and to Modify the Judgment of the District Court of Bernalillo County, New Mexico."

In her complaint plaintiff alleged that she and defendant were divorced by a decree entered in the District Court of Bernalillo County, New Mexico, on July 8, 1980; that she was awarded custody of the parties' two minor children and child support in the amount of $525 per month; that subsequent to the divorce in New Mexico, she moved with the minor children to Nashville where she and the children continue to reside.

She prayed, *inter alia,* that defendant be served with proper process through the Secretary of State pursuant to T.C.A. § 20–2–201 *et seq.,* Tennessee Long Arm Statutes, and that child support be increased to $800 per month.

Defendant was served pursuant to the Long Arm Statutes. He then filed an answer "for the sole, exclusive, and limited purpose of questioning the service of process and jurisdiction" of the courts of Tennessee over him. In support of his answer, he filed the following affidavit.

I, Kenneth W. Paulk, being first duly sworn state:

1. I am the above-named respondent.

2. I am not now nor have I ever been a resident of the State of Tennessee.

3. I have never been physically present in the State of Tennessee.

Plaintiff does not in anywise contest defendant's affidavit.

The issue before this Court is whether plaintiff may use the Tennessee Long Arm Statutes to obtain service of process on and bring defendant within the jurisdiction of Tennessee courts.

T.C.A. § 20–2–214 provides as follows:

*Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.*—(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as·to any action or claim for relief arising from:

(1) The transaction of business within the state;

(2) Any tortious act or omission within this state;

(3) The ownership or possession of any interest in property located within this state;

(4) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state.

(6) Any basis not inconsistent with the constitution of this state or of the United States;

(7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, notwithstanding one party's subsequent departure from this state, as to all obligations arising for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state.

(b) "Person" as used herein shall include corporations and all other entities which would be subject to service of process if present in this state.

(c) Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative.

Subsections (1), (2), (3), (4), and (5) cannot even arguably be said to have any application to the instant case. Subsection (7) is not applicable; the parties have never at any time "lived in the marital relationship within this state." Subsection (6) is not applicable; it is repugnant to the Constitution of the United States to allow service of process on the defendant under the circumstances of this case. *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

In *Kulko*, the wife separated from her husband and moved to California from New York, where she had lived with her husband and two children. Subsequently, the parties entered into a separation agreement, executed in New York, under which the parties' children were to remain with the father during the school year but would spend specified vacation periods with their mother. The father agreed to pay child support for the periods when the children were in the mother's custody. This agreement was later incorporated into a Haitian divorce decree.

A year after the divorce the couple's daughter told her father that she wanted to remain with her mother in California following her next vacation. The father bought her a one-way plane ticket and she moved. Two years later the couple's son took up residence with his mother in California after the mother, unbeknownst to the father, sent the son a plane ticket at the son's request. The mother thereupon commenced an action in California against the father seeking to establish the Haitian divorce decree as a California judgment and to modify the judgment so as to award her full custody of the children and to increase the father's child support obligations. The father appeared specially and moved to quash the service of the summons on the ground that he was not a resident of California and lacked sufficient minimum contacts with the state to warrant the state's assertion of personal jurisdiction over him.

The Superior Court for the City and County of San Francisco, California, summarily denied the motion to quash and the Court of Appeals of California affirmed. On appeal, the Supreme Court of California also affirmed, holding that the state's exercise of personal jurisdiction over the nonresident defendant was reasonable because he

had purposely availed himself of the benefits and protection of the laws of California by sending his daughter to live with the mother in California.

In reversing, the United States Supreme Court stated, in part, as follows:

The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. [Citation omitted.] It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. [Citations omitted.] The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought [citation omitted], and a sufficient connection between the defendant and the forum State as to make it fair to require defense of the action in the forum. [Citation omitted.] In this case, appellant does not dispute the adequacy of the notice that he received, but contends that his connection with the State of California is too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon him the burden and inconvenience of defense in California.

The parties are in agreement that the constitutional standard for determining whether the State may enter a binding judgment against appellant here is that set forth in this Court's opinion in *International Shoe Co. v. Washington,* [326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)]: that a defendant "have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " [Citations omitted.] While the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are, of course, to be considered, see *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199 [201], 2 L.Ed.2d 223 (1957), an essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in that state. [Citations omitted.] *Kulko,* at 91–92, 98 S.Ct. at 1696–1697, 56 L.Ed.2d at 140–141.

In the instant case there has been absolutely no contact by defendant with the State of Tennessee. To enter a personal judgment against defendant after service of process under the Long Arm Statutes would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

We have considered each of plaintiff's arguments and find them to be without merit. The courts of Tennessee do not have jurisdiction on defendant to render a judgment imposing a personal obligation upon him.

The judgment of the Trial Court is affirmed with costs to plaintiff and the cause remanded to the Trial Court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.